Appellant Ronald Barber appeals the trial court's decision not to conduct a hearing on his petition for postconviction relief. The following facts give rise to this appeal.
On June 24, 1999, the Fairfield County Sheriff's Office received a search warrant to search a five by ten storage unit rented by appellant at A-1 Storage. The warrant was executed on this same date. In the storage unit, the deputies discovered numerous guns. A warrant was issued for appellant's arrest on June 25, 1999, and he was arrested the same day.
The Fairfield County Grand Jury indicted appellant on July 1, 1999, for seven counts of receiving stolen property, with a specification to each count; two counts of unlawful possession of dangerous ordinance, with a specification to each count; and seven counts of having weapons while under disability, with a specification to each count. At his arraignment on July 8, 1999, appellant entered a plea of not guilty. Thereafter, on October 28, 1999, appellant withdrew his previously entered guilty plea and pled guilty to five counts of having weapons under disability. The trial court sentenced appellant to four years on each count, to be served consecutively.
On June 2, 2000, appellant filed a motion to modify sentence arguing that the trial court improperly ordered him to serve the four sentences consecutively. On June 27, 2000, appellant filed a response to the state's motion contra his motion to modify sentence and indicated that he was seeking relief pursuant to R.C. 2953.21. On July 13, 2000, without conducting a hearing, the trial court overruled appellant's motion to modify sentence finding that appellant had no substantive basis for his motion and failed to demonstrate why postconviction relief would be appropriate.
Appellant timely filed a notice of appeal and sets forth the following assignment of error for our consideration:
 I. THE TRIAL COURT ERRED AS A MATTER OF LAW BY FAILING TO ORDER AN EVIDENTIARY HEARING ON THE CLAIM SET FORTH IN THE MOTION FOR POST CONVICTION RELIEF IN VIOLATION OF THE DUE PROCESS RIGHTS OF THE 5TH AMENDMENT.
 I
In his sole assignment of error, appellant contends the trial court erred when it overruled his motion for postconviction relief without first conducting a hearing. We disagree.
An individual seeking postconviction relief must file a timely petition pursuant to R.C. 2953.23(A)(2). Where no direct appeal has been filed, as in the case sub judice, the petition must be filed no later than one hundred eighty days after the expiration of the time for filing the appeal. The trial court filed the judgment entry of sentence on November 2, 1999. Thus, the time for filing appellant's appeal expired on December 2, 1999. The record in this matter indicates that appellant failed to timely file his petition for postconviction relief because he did not do so within one hundred eighty days from December 2, 1999. Further, appellant failed to assert, in his petition, that he should have been allowed to file a delayed postconviction petition under R.C. 2953.23(A).
Consequently, the trial court lacked jurisdiction to consider the arguments contained in his petition. State v. Walter (July 31, 2000), Coshocton App. No. 99CA11, unreported, at 2, citing State v. Chupp (July 3, 2000), Holmes App. No. 99-CA-12, unreported; State v. Lewis (Feb. 9, 1999), Lorain App. No. 98CA007007, unreported. Therefore, we find there is no merit in appellant's assertion that the trial court erred in failing to conduct an evidentiary hearing since the trial court lacked jurisdiction to consider the merits of appellant's claim.
Appellant's sole assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Fairfield County, Ohio, is hereby affirmed.
 _______________ Wise, J.
Edwards, P.J., and Farmer, J., concur.